UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HOCKERSON-HALBERSTADT, INC. | CIVIL ACTION |
| V. | NO. 02-1415 |
| JSP FOOTWEAR, INC., ET AL. | SECTION "F" |

ORDER AND REASONS

Before the Court is JSP Footwear, Inc., GTFM, Inc., Daymond Aurum, and FUBU The Collection, LLC's Motion to Bifurcate the Issues of Liability and Damages. For the following reasons, the defendants' motion is GRANTED.

Background

The facts of this case have been enumerated in a previous Order.

I.

Federal Rule of Civil Procedure 42(b) provides for bifurcated trials "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Courts may bifurcate trials "if (1) it would avoid prejudice, (2) it would be convenient to do so, or (3) it would be economical or would expedite the litigation to do so." Laitram Corporation v. Hewlett-Packard Company, 791 F. Supp. 113, 115 (E.D. La. 1992)



(emphasis in original). However, "courts should not order separate trials 'unless such a disposition is clearly necessary.'" <u>Id.</u> (quoting <u>Wolens v. F.W. Woolworth Co.</u>, 209 U.S.P.Q. 569 (N.D. Ill. 1980)). "[C]ourts must balance the equities in ruling on a motion to bifurcate." <u>Id</u>.

## II.

The Court finds that the bifurcation of trial in this case will expedite the litigation and promote judicial economy. Further, it will not result in any prejudice or unnecessary delay.

While the bifurcation of patent cases should be the exception rather than the rule, there are "often special considerations in patent controversies which make these cases candidates for some kind of special trial management." <u>Id</u>. Patent infringement is a complex concept, and attempting to prove infringement at the same time as presenting proof on damages "could risk needless juror confusion." <u>Id.</u> at 116.

HHI contends that this is not a complicated patent case. For one thing, HHI says, there is no infringement, so that there would be little to decide at a trial solely on liability. The Court, as noted in its Order regarding the parties' summary judgment motion, does not agree with HHI about the obviousness of the liability issue. Nor does the Court agree with HHI that the damages portion is not complicated because the parties have agreed that the measure of damages is the amount of a reasonable royalty to be determined

2

by a certain set of factors. HHI shrugs at the fact that the parties disagree on how the factors should be weighted and applied, but this is not a minor point.

HHI says that the damages and liability issues are intertwined because the benefits of the invention, the success of the invention, and the lack of non-infringing alternatives apply to both the liability and the damages analyses. The Court acknowledges a relationship between liability and damages. However, the Court believes that the issue of damages is sufficiently distinct that a separate trial is practical.[1]

HHI also contends that the late filing of this motion prejudices HHI in its preparation for trial. The trial in this matter has been continued. Moreover, the Court fails to see how bifurcation would complicate trial, and HHI does not explain its remark.

The bifurcation of this trial would not require a separate jury or a separate discovery period. Further, the decision on liability will substantially focus the damages evidence in a manner conducive to judicial economy and convenience as well as juror understanding. While bifurcated trials should remain the exception and not the rule, the Court feels that the balance of equities supports a bifurcated trial in this case.

---

[1] Certainly there is little overlap in the information provided to the Court in the briefs that focus on liability and the briefs that focus on damages.

Accordingly, JSP Footwear, Inc., GTFM, Inc., Daymond Aurum, and FUBU The Collection, LLC's motion to bifurcate the issues of liability and damages is GRANTED. The trial of this matter shall be bifurcated into liability and damages. The same jury shall decide both issues.

New Orleans, Louisiana, August 2, 2005.

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE