FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 AUG -4  AM 8: 31

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

HOCKERSON-HALBERSTADT, INC.                 CIVIL ACTION

V.                                          NO. 02-1415

JSP FOOTWEAR, INC., ET AL.                  SECTION "F"


ORDER AND REASONS

Before the Court are several motions: JSP Footwear, Inc., GTFM, Inc., FUBU The Collection, LLC, and Daymond Aurum's Motion for Summary Judgment; Hockerson-Halberstadt, Inc.'s Motion for Partial Summary Judgment re: Infringement, the Amount of a Reasonable Royalty, and Willfulness; and Hockerson-Halberstadt, Inc.'s Motion for Partial Summary Judgment re: Validity, Enforceability and All Matters on Which Defendants Bear the Burden of Proof. Due to the many overlapping issues of fact and law contained in these motions, the Court addresses them together. For the reasons that follow, the defendants' motion for summary judgment is DENIED; the plaintiff's motion for partial summary judgment re: infringement, the amount of a reasonable royalty, and willfulness is DENIED; and the plaintiff's motion for partial summary judgment re: validity, enforceability, and all matters on which defendants bear the burden of proof is DENIED in part and

1

Fee_____
Process_____
X Dktd_____
CtRmDep_____
Doc. No _____

GRANTED in part.

Background

The facts are now well-known.

Following the Federal Circuit's decision reversing this Court, HHI added GTFM and Aurum to its complaint. The Collection, GTFM, and Aurum moved for summary judgment, which was denied because there were material facts in dispute and much discovery left to complete. The Collection, GTFM, and Aurum now move again for summary judgment, together with JSP. Additionally, the plaintiff now moves for partial summary judgment on the following issues: infringement, the amount of a reasonable royalty, willfulness, validity, enforceability, and all matters on which defendants bear the burden of proof.

I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

2

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.   See id.   Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II.

This litigation is rampant with unresolved and disputed material facts. The scanty reference to citations in the papers betrays the extent to which both sides are arguing facts rather

than law.[1] The Court finds that the facts remaining in genuine dispute are material, and therefore that summary judgment is inappropriate on almost every matter.[2]

### A. Notice

Defendants contend that HHI cannot prove that the defendants had notice of HHI's patent, and, without notice, HHI cannot proceed against the defendants. HHI points out that the Federal Circuit decided the issue of notice and that defendants' argument is foreclosed by the law of the case doctrine.

The notice issue is informed by the July 24, 1998 letter by HHI to Aurum. The Federal Circuit wrote about the letter:

> HHI's counsel sent a letter to FUBU's president, Daymond John, now Daymond Aurum. HHI's July 24, 1998, letter informed FUBU that it was potentially infringing the '895 patent, that the patent would expire on July 27, 1999, and that a district court had ruled the patent invalid. . . . HHI sent a letter dated July 24, 1998, to Daymond Aurum, which both parties agree he received as an agent of GFTM [sic].

The defendants now argue that HHI has presented no proof that it ever sent the letter to the defendants. They further suggest that Aurum and GTFM, who were added as defendants after the Federal Circuit's decision, answered in their interrogatories that they had no record of ever receiving the letter. Meanwhile, The Collection,

---

[1] The Court has become increasingly concerned about counsels' fidelity to the provisions of 28 U.S.C. § 1927.

[2] The exception is HHI's motion for summary judgment regarding the issue of marking.

who was a defendant at the time of the Federal Circuit's decision, has now amended its interrogatory responses to reflect that it has no record of having received the letter.

The law of the case doctrine prohibits a district court, on remand, from reexamining an issue of fact or law that has been decided on appeal. See United States v. Matthews, 312 F.3d 652, 657 (5th Cir. 2002) (quoting Tollett v. City of Kemah, 285 F.3d 357, 363 (5th Cir. 2002)). The mandate rule serves as a companion to the law of the case doctrine, by providing "that a lower court on remand must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court." Id. (quoting United States v. Becerra, 155 F.3d 740, 753 (5th Cir. 1998)). Both the law of the case doctrine and the mandate rule have limited exceptions, including an exception for evidence on remand that is "substantially different" from the evidence on appeal. Id.

In this case, the Court believes that the mandate rule applies. The Federal Circuit explicitly decided that the July 24 letter was notice to JSP. The Federal Circuit also pointed out that both sides agreed that Aurum had received the letter as GTFM's representative. It is true that Aurum and GTFM were not defendants in the case when it was presented to the Federal Circuit; however, The Collection was a defendant, and Aurum supposedly received the letter addressed to The Collection's president. There is no reason

why any doubt about receipt of the letter could not have been raised before the Federal Circuit's decision.[3] See Becerra, 155 F.3d at 754 ("The government fails to provide any reason why it did not, or could not, present Becerra's FBI statements to the prior panel in either the first appeal or the motion for reconsideration."); see also Lyons v. Fisher, 888 F.2d 1071, 1075 (5th Cir. 1989) ("[T]he district court properly denied Fisher the right on remand to offer evidence that he had had every opportunity and incentive to produce at the earlier proceeding.").

This Court must and will follow the letter and spirit of the Federal Circuit's decision. The Federal Circuit decided the issue of notice. It is unnecessarily late for the defendants to now seek to dispute the issue, and they offer no explanation for the delay.

HHI has also moved for summary judgment concerning the related issue of marking, contending that it does not matter that the shoes made under the patent were not marked because notice was provided to the defendants in the July 24th letter. The Court agrees. Because the Federal Circuit has directly decided the notice issue, the defendants' defense that the shoes at issue were not marked is moot. Therefore, defendants' marking defense may not be asserted

---

[3] Not only did The Collection fail to dispute Aurum's receipt of the letter, in a 2003 supplemental memorandum in support of its motion for summary judgment, The Collection wrote, "The only notice of infringement sent by HHI during the term of the patent to anyone in anyway [sic] associated with this litigation was a July 24, 2998 [sic], letter addressed to Daymond John as 'president of FUBU.'"

and is dismissed.

## B. Infringement

Both sides say that they are entitled to summary judgment on the issue of induced infringement. Induced infringement implicates four elements: (1) actual infringement; (2) inducer's knowledge of the patent; (3) actual intent to cause the infringing acts; and (4) an affirmative act that constitutes inducement. See Sony Elecs., Inc. v. Soundview Techs., Inc., 157 F. Supp. 2d 190, 195 (D. Conn. 2001). If there is a right to control the infringer, a failure to stop the infringement may qualify as an affirmative act. See Tegal Corp. v. Tokyo Electron Co., 248 F.3d 1376, 1378-79 (Fed. Cir. 2001).

The defendants insist that The Collection could not have induced infringement because it did not exist until after HHI's patent had expired and because it was merely a conduit. They add that Aurum could not have induced infringement because he exercised only quality control powers over JSP's shoes. And they lastly urge that GTFM could not have induced infringement because GTFM had no relationship with JSP, aside from a licensing agreement, and because GTFM never intended for JSP to make athletic shoes. HHI, meanwhile, counters that The Collection was in existence in some form before the patent had expired. It further says that Aurum, GTFM, and The Collection personally approved JSP's shoes and required JSP to pay minimum royalties even if it sold no shoes. HHI

7

insists that JSP's arrangement with Aurum, GTFM, and The Collection induced it to make the shoes. Further, HHI contends that the defendants' expert has admitted that JSP's shoes infringed HHI's patent.

This issue turns patently on the facts of the relationship between the parties and the timing of the existence of The Collection. "[A]ctive inducement is . . . a factual inquiry," and the facts are disputed here. <u>Moba v. Diamond Automation, Inc.</u>, 325 F.3d 1306, 1318 (Fed. Cir. 2003). Summary judgment is obviously inappropriate.

Moreover, the defendants' response that they were not making an athletic shoe is superficial and not dispositive. The defendants assert that the patent's preamble, declaring that the patent applies to "an Athletic Shoe," is a claim limitation, and that, because their shoes are fashion shoes, they cannot have infringed the patent as a matter of law.

Claim construction is an issue of law. <u>See</u> <u>The Laitram Corp. v. NEC Corp.</u>, 163 F.3d 1342, 1347 (Fed. Cir. 1998) (quoting <u>Markman v. Westview Instruments, Inc.</u>, 52 F.3d 967, 970-71 (Fed. Cir. 1995)). A preamble may serve as a claim limitation

> if it recites essential structure or steps, or if it is "necessary to give life, meaning, and vitality" to the claim. . . . Conversely, a preamble is not limiting "where a patentee defines a structurally complete invention in the claim body and uses the preamble only to state a purpose or intended use for the invention."

<u>Catalina Mktg. Int'l Inc. v. Coolsavings.com, Inc.</u>, 289 F.3d 801,

808 (Fed. Cir. 2002) (internal citations omitted). The defendants argue that the phrase "athletic shoe" is necessary to give life to the patent. The Court disagrees. "Athletic shoe" is merely a generic description. The phrase "athletic shoe" has nothing to do with the structure of the invention, and patentability "depends on the claimed structure, not on the use or purpose of that structure." Id. at 809 (citing In re Gardiner, 171 F.2d 313, 315-16 (CCPA 1948)). An inventor "is entitled to the benefit of all the uses to which [the invention] can be put, no matter whether he has conceived the idea of the use or not." Id. (quoting Roberts v. Ryer, 91 U.S. 150, 157 (1875)).

The defendants rely on Rockwell International Corp. v. United States, 147 F.3d 1358 (Fed. Cir. 1998), for the proposition that the preamble limits the claim "[w]hen the claim drafter chooses to use both the preamble and the body to define the subject matter of the claimed invention." 147 F.3d at 1362-63 (quoting Bell Communications Research, Inc. v. Vitalink Communications Corp., 55 F.3d 615, 620 (Fed. Cir. 1995)). However, that is not the case here and Rockwell is not helpful. In Rockwell, the preamble described the invention as "[a]n organo-metallic process." Id. at 1362 n.6. The trial court found that "[t]he patent when read in its entirety reads toward the process of the growth of a particular type of film . . . and a certain process for doing that very growth." Id. at 1362. The Federal Circuit agreed: "The patent's written

9

description repeatedly discloses that it is directed to a process for producing an epitaxial film of a Group III/V semiconductor. . . . Similar language is contained in the preambles." Id. Without the preamble language, there would be no claim limitations on the components used in the process. See id.

The use of the words "athletic shoe" in the preamble here is not necessary to give life to the patent. The term "athletic shoe" is very different from the term "organo-metallic process." Without the words "organo-metallic," the entire process loses its meaning. By contrast, HHI's patent does not depend on the words "athletic shoe" for meaning. HHI's patent describes a "structurally complete invention." Catalina, 289 F.3d at 808. The phrase "athletic shoe" merely states "a purpose or intended use for the invention." Id. Therefore, the fact that the defendants were selling fashion shoes instead of athletic shoes does not establish that they did not infringe the patent.[4]

However, neither does it prove that defendants did infringe the patent. HHI is mistaken in its assertion that defendants' expert has admitted that JSP's shoes infringed the patent. HHI misstates the record. The portion of deposition testimony upon which HHI relies was clearly in answer to a hypothetical question:

_____

[4] HHI also argues that the "whereby" clause in the patent is not a claim limitation. The defendants do not address that argument. Moreover, it is common knowledge that in some age groups athletic shoes are worn as a fashion statement.

> Let's assume that the Fubu [sic] shoes were intended by
> Fubu [sic] and JSP to be athletic shoes and let's assume
> that the materials used were materials that were of
> sufficient durometer or hardness as are typically used in
> athletic shoes and that the function required by the 895
> [sic] patent is there. Is there anything about any of the
> Fubu [sic] shoes that would not meet one of the
> limitations of the claims of the 895 [sic] patent?

Defendants' expert responded, "Those are a lot of assumptions but-and I don't agree with all of those assumptions by the way but if all of those assumptions proved correct, then I think you would have some basis in the application of the 895 [sic] patent." Further, the fact that HHI's expert has opined that infringement exists does not resolve the factual dispute.

Therefore, neither party is entitled to summary relief on the infringement issue or the induced infringement issue.

## C. Number of Shoes Sold

HHI seeks summary judgment as to the amount of shoes sold. The defendants contest the amount of shoes sold. Summary judgment is again not appropriate.

## D. Royalty

HHI seeks summary judgment as to the amount of royalty involved. The determination of the royalty rate is also a question of fact. See Unisplay v. Am. Elec. Sign Co., 69 F.3d 512, 517 (Fed. Cir. 1995). The parties disagree over the amount of reasonable royalty. Summary judgment is still inappropriate.

## E. Willfulness

HHI seeks a summary finding that the defendants willfully

11

infringed the patent. The Federal Circuit has found that reliance on the statement in the July 24th letter that the patent was invalid would preclude a finding of willful infringement. HHI contends that, now that the defendants claim not to have received the July letter, they could not have relied on the overturned finding of invalidity to protect from a charge of willful infringement. But infringement is still a contested issue, and the Court cannot decide the issue of willful infringement on this record.

## F. Validity and Inequitable Conduct

HHI claims that the defendants cannot raise an argument that the patent is invalid. The defendants respond that the patent is invalid because of HHI's inequitable conduct in failing to disclose to the patent examiner a piece of prior art known as South African Design Registration No. 78/1124.

"Applicants for patents have a duty to act in candor, good faith, and honesty in prosecuting their patent application with the [Patent and Trademark Office]." Applera Corp. v. MJ Research Inc., 372 F. Supp. 2d 221, 224 (D. Conn. 2005). When a failure to disclose a prior art is asserted, there must be clear and convincing evidence of the applicant's knowledge of the prior art, the materiality of the prior art, and the intent to fail to disclose the prior art. See id.

HHI contends that the defendants cannot prove the materiality

of 78/1124 because they have not disclosed any expert testimony on the materiality. The Federal Circuit has defined materiality as follows: "Information is material when there is a substantial likelihood that a reasonable Examiner would have considered the information important in deciding whether to allow the application to issue as a patent. . . . [P]atentability is assessed from the perspective of the hypothetical person of ordinary skill in the art." Life Techs., Inc. v. Clontech Lab., Inc., 224 F.3d 1320, 1325 (Fed. Cir. 2000) (internal citations omitted). Courts have found that "an expert is needed to voice the understanding of a hypothetical person of ordinary skill in the art." Abbott Labs. v. Syntron Bioresearch, Inc., No. 98-CV-2359 H(POR), 2001 WL 34082555, at *6 (S.D. Cal. Aug. 24, 2001). In Abbott, the expert reports did not contain specific opinions on inequitable conduct. See id. However, the expert reports did contain enough information to determine materiality. See id.

In this case, neither side has adequately briefed the expert testimony issue. HHI merely observes that "[w]ithout an expert, defendants cannot prove the reference was material." But defendants have an expert. For all the Court knows, he may qualify as a "person of ordinary skill in the art." His expert report may contain information relevant to materiality, even if he did not specifically opine on the inequitable conduct issue. In this situation, the Court cannot grant summary judgment on the issues of

validity and inequitable conduct.[5]

G. All Matters on Which Defendants Bear Burden of Proof

HHI styles one of its summary judgment motions as a motion for partial summary judgment re: validity, enforceability and all matters on which defendants bear the burden of proof. The memorandum goes on to address validity, inequitable conduct, and marking. In its conclusion, HHI states, "Defendants have submitted no expert repots on matters on which they have the burden of proof. . . . All . . . defenses on which defendants have the burden of proof must . . . be dismissed." The Court is incredulous to underscore that it must say that such broad, conclusory statements are not nearly sufficient to warrant summary judgment. The motion seems at best to be frivolous.

Accordingly, JSP Footwear, Inc., GTFM, Inc., FUBU The Collection, LLC, and Daymond Aurum's motion for summary judgment is DENIED; Hockerson-Halberstadt, Inc.'s motion for partial summary judgment re: infringement, the amount of a reasonable royalty, and willfulness is DENIED; and Hockerson-Halberstadt, Inc.'s motion for partial summary judgment re: validity, enforceability and all

---

[5] HHI also contends that the defendants cannot prove intent to deceive. Summary judgment is inappropriate to decide the presence or absence of intent. See Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1265 (5th Cir. 1991). Counsel seem to have stretched 28 U.S.C. § 1927 to its very limits by submitting these unhelpful motions. They stand warned.

matters on which defendants bear the burden of proof is DENIED in part and GRANTED in part. Defendants' marking defense is hereby dismissed.

New Orleans, Louisiana, August 2, 2005.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE